JUDICIAL WATCH, INC., Appellee,

v.

FEDERAL ELECTION COMMISSION, Appellant.

No. 98–5355.

United States Court of Appeals, District of Columbia Circuit.

Argued April 26, 1999.

Decided May 7, 1999

Rehearing and Rehearing En Banc Denied July 8, 1999.*

Before: EDWARDS, Chief Judge, ROGERS, Circuit Judge, and BUCKLEY, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause came to be heard on appeal from an opinion and judgment of the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues have been accorded full consideration by the Court.

It is **ORDERED** and **ADJUDGED** that, for the reasons indicated in the attached memorandum opinion, the decision of the District Court is reversed and the matter is dismissed for lack of standing.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.

## MEMORANDUM

Judicial review in this case is predicated on the Federal Election Campaign Act ("FECA"), which permits any party aggrieved by the Federal Election Commission's ("FEC" or "Commission") dismissal of, or failure to act on, a complaint filed by that party to seek review in district court. *See* 2 U.S.C. § 437g(a)(8)(A). Judicial Watch's standing to sue therefore must be based upon an injury stemming from the FEC's dismissal of Judicial Watch's administrative complaint. That complaint, filed in August 1996, alleged that various parties affiliated with the Clinton Administration sold seats on foreign trade missions in exchange for large campaign contributions. Judicial Watch now contends that the complaint must be read to allege FECA reporting violations, such that the

* Circuit Judge Garland did not participate in this matter.

278

FEC's dismissal of the complaint deprived Judicial Watch and its members of information to which they are entitled.

In *Common Cause v. FEC*, 108 F.3d 413 (D.C.Cir.1997), we recognized the availability of standing under a theory of informational injury, but emphasized that the relevant analysis must turn on the nature of the information allegedly denied. *See* 108 F.3d at 417. If an organization has simply been "deprived of the knowledge as to whether a violation of the law has occurred," that "injury" is no more than a generalized "interest in enforcement of the law," and does not support standing. *Id.* at 418. Where the plaintiff's complaint only nominally alleged a reporting violation, we concluded that what the plaintiff desired was "for the Commission to 'get the bad guys,' rather than disclose information," *id.*, and we found no standing to sue.

Here, Judicial Watch has not even made a nominal allegation of reporting violations. Nowhere in its administrative or civil complaint did Judicial Watch mention disclosure requirements or suggest that it desired documents that the alleged violators were required to disclose. Thus, under this circuit's precedent, there is no doubt that Judicial Watch lacks standing to bring this action. If Judicial Watch has a viable claim of reporting violations, the organization remains free to file a new complaint with the FEC asserting those violations.

The FEC also argues that, even if Judicial Watch has standing, the District Court's *sua sponte* grant of summary judgment for Judicial Watch on the merits was improper, where the only issue before the court at the time of its ruling was the agency's jurisdictional challenge, and the agency had not yet answered Judicial Watch's complaint. The Commission's position appears to be indisputably correct. *Cf. Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (holding that it was improper for court to resolve merits where petitioner, in answer-

ing respondent's motion to dismiss for lack of standing, had not yet filed answer or other pleading as to merits, and had not yet had opportunity to present evidence or legal arguments supporting its position). However, in light of our dismissal of this case for want of standing, the District Court's judgment on the merits has been eradicated. Thus, this second issue raised by the FEC is now moot.